## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

COLJAY KASELEL
(*aka* COOL JAY)
(*aka* COOL JAY KASELEL),
DOB: 07/27/1989

Defendant.

Criminal Case No. CF0335-23
GPD Report Nos. 22-32530

**DECISION AND ORDER
GRANTING
THE PEOPLE'S MOTION
TO REVOKE PROBATION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 1, 2025 for a Revocation Hearing in the above-captioned matter related to Coljay Kaselel's (*aka* Cool Jay's) (*aka* Cool Jay Kaselel's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Leonardo Rapadas. The People of Guam were represented by Assistant Attorney General Lucas Wood. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On January 2, 2024, Defendant pled guilty to Criminal Facilitation (as a Misdemeanor). See Amended Judgment of Conviction (Apr. 11, 2025). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including

Decision and Order Revoking Defendant's Probation
CF0335-23, *People of Guam v. Coljay Kaselel*
Page 1 of 5

psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a fine of one thousand dollars ($1,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred eighty (180) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On November 19, 2024, a Violation Report was filed indicating that Defendant had violated several terms of his probation. See First Violation Report (Nov. 19, 2024). The Court was informed that Defendant hadn't reported to the Adult Probation Office for over two (2) months and failed to complete his intake/assessment at CSFC. Id. It was also reported that Defendant hadn't made any progress on either paying off his fine or completing his required community service. Id.

On November 20, 2024, this matter came before the Court for Further Proceedings. However, Defendant was absent despite being summonsed to appear. See Summons (Oct. 1, 2024); Minute Entry (Nov. 20, 2024).

On March 6, 2025, another Violation Report was filed. See Second Violation Report (Mar. 6, 2025). The Court was informed that Defendant continued failing to report to Probation, still hadn't completed his intake/assessment at CSFC, and still hadn't made any progress on either paying off his fine or completing his community service. Id.

The People filed their Motion to Revoke Defendant's Probation ("Motion") on December 11, 2024. The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Dec. 11, 2024).

Decision and Order Revoking Defendant's Probation
CF0335-23, *People of Guam v. Coljay Kaselel*
Page 2 of 5

On August 1, 2025, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (August 1, 2025).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

Decision and Order Revoking Defendant's Probation
CF0335-23, *People of Guam v. Coljay Kaselel*
Page 3 of 5

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant has failed to make any progress on paying off his fines/court costs or completing his community service. See First Violation Report (Nov. 19, 2024); Second Violation Report (Mar. 6, 2025). Defendant has also displayed no effort to complete his counseling/treatment sessions, having failed to appear for even a preliminary intake/assessment at CSFC. Id. Defendant has also disobeyed this Court's orders by failing to appear at required court proceedings. See Minute Entry (Nov. 20, 2024).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. The nature of these violations suggest Defendant was never serious about completing the terms of his probation. For example, Defendant has made zero progress on paying off his fines/court costs or completing his community service. Defendant even failed to complete his preliminary intake/assessment at CSFC. If Defendant is unwilling to attend even a preliminary meeting, he cannot be trusted to complete any long-term treatment recommendations CSFC may make. Defendant has also demonstrated his unwillingness to follow this Court's orders, suggesting he won't comply with future orders from this Court or the Adult Probation Office.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

Decision and Order Revoking Defendant's Probation
CF0335-23, *People of Guam v. Coljay Kaselel*
Page 4 of 5

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this <u>Oct. 3, 2025</u>



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & R. Cardo

Date: 10/3/25 Time: 4:20
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

Decision and Order Revoking Defendant's Probation
CF0335-23, *People of Guam v. Coljay Kaselel*
Page **5** of **5**